

# THE ATTORNEY GENERAL
## OF TEXAS
### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

Overrules opinion dated
5/24/37 to Cecil H. Bird
Comptroller's Dept.

December 3, 1947

Hon. Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-448

Re: Whether half sister
is included in the
classification of
sister for inherit-
ance tax purposes

Dear Sir:

By your letter of November 21, 1947, we are
advised of the following facts:

"This department has fixed and assess-
ed an inheritance tax against the estate of
Leo T. Cone, late a resident of Gonzales
County. The estate, under the terms of the
will of the deceased, was devised to two
sisters, a brother and a half sister, and
when applying the exemptions allowed under
the statutes, this department allowed a full
exemption of $10,000 each to the sisters of
the full-blood, but only allowed an exemption
of $5,000 to the sister of the half-blood.

"The exemption allowed the sister of the
half-blood is now in controversy with the At-
torney of Record, Mr. W. T. Miller of Gonzales,
Texas. . . ."

We are further advised that the value of the
property passing to the half sister was less than $25,000
and that the tax was computed at the rate of 3% of the
value in excess of $5,000. You state that your ruling
was based on an Opinion of this Department rendered in
1937 and request that we reconsider the holding of that
Opinion.

Article 7117, Ch. 5, Title 122, V.C.S., imposes
an inheritance tax "in accordance with the following clas-
sifications". The Articles which follow establish differ-

erent classes, define those within each class, state the exemption to which the members of the particular class are entitled, and impose a tax upon the amount in excess of the applicable exemption in fixed percentages for various value brackets. These brackets and percentages vary for each class. Article 7120 provides that "if passing to or for . . . the use of a brother or sister or a direct lineal descendant of a brother or sister, of the decedent, the tax shall be three per cent of any value in excess of ten thousand dollars and not exceeding twenty-five thousand dollars; . . ." The ascending rate of tax on other value brackets follows. If brothers and sisters of the half blood do not come within this class, they are relegated to the category of "any other person" and embraced by the terms of Article 7122. Members of the class established by Article 7122 receive an exemption of $500 and are taxed at 5% on any value in excess of $500 and not exceeding $10,000, with stated increases in the percentage of the tax as the value bracket rises.

The Departmental Opinion on which your ruling was based states that "our inheritance tax law operates in direct relation to the laws of descent and distribution in effect in Texas . . .;" and in holding that a brother of the half blood was entitled to half the exemption accorded a brother of the whole blood, the writer undoubtedly had in mind the provisions of Article 2573, V.C.S., which states that "where the inheritance is directed to pass to collateral kindred of the intestate, if part of such collateral be of the whole blood, and the other part of the half blood only of the intestate, those of the half blood shall inherit only half so much as those of the whole blood; . . ." However, it is obvious that an allowance to a half sister of only one-half the exemption allotted to a brother or a sister of whole blood, but a computation of the tax at the rates stated for the latter class, as was done in this case, gives a hybrid result for which there can be no possible justification under any theory. Moreover, we think it is apparent that the creation of a different exemption with or without a different tax rate is, in effect, the creation of a different class and an act which lies only in the power of the Legislature. A half sister is either within the class created by Article 7120 or out of it; and if out of it, must, as aforesaid, be relegated to "any other person" and the class created by Article 7122.

Hon. Geo. H. Sheppard - Page 3  (V-448)

Various authorities have defined the terms "brother" and "sister" as including "half brother" and "half sister". Corpus Juris, Vol. 9, pp. 679, 680, and Vol. 58, pp. 739, 740; Webster's New International Dictionary, , 2nd Ed. The Supreme Court of Texas in 1856 recognized that the "terms are general, and those of the half as well as those of the whole blood come strictly within their scope and signification." Marlow v. King, 17 T. 177. See also Watkins et al v. Blount, 94 S. W. 1116. Although no Texas case has construed the terms as used in the inheritance tax statutes, we see no reason why the same construction would not be applied. This is the view of the Supreme Court of Colorado, and the opinion contains an excellent summary and analysis of the authorities. People v. Elliff, 219 P. 225. The result of including "half brothers" and "half sisters" within the classification of "brothers" and "sisters" is moreover in line with the Texas decisions which adhere to the established rule requiring that words in common use when found in a statute must be given the sense in which they are ordinarily used, T. & P. Ry. Co. v. Railroad Commission of Texas, 105 Tex. 393, 150 S.W. 878; and with the pronouncements of our courts to the effect that inheritance taxes are special taxes and that the statutes imposing same will be construed strictly against the taxing power. Lewis, Assessor, et al v. O'Hair, 130 S.W. (2) 379.

You are therefore advised that a half sister properly falls within the classification of Article 7120 and is entitled to the same exemption and same tax rates as a sister of whole blood.

The Opinion of this Office dated May 24, 1937 addressed to the Hon. Cecil H. Bird of the Comptroller's Department is overruled.

### SUMMARY

In computing inheritance taxes due by virtue of Ch. 5, Title 122, V.C.S., a half sister should be placed in the same classification as a sister. Marlow v. King, 17 T. 177; People v. Elliff, 219 P. 225, and authorities cited therein. The Opinion of

this Office dated May 24, 1937 addressed to the Hon. Cecil H. Bird of the Comptroller's Department is overruled.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Marietta Creel*

Mrs. Marietta Creel
Assistant

MC/erc/lh

APPROVED:

*Fagan Dickson*

FIRST ASSISTANT
ATTORNEY GENERAL